UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60128-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

MARK BYRON HANDSPIKE, JR.,
    a.k.a. "Weez,"

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America and MARK BYRON HANDSPIKE, JR., a.k.a. "Weez," (the "defendant" or "HANDSPIKE") agree that, had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1.  From February 2025 through May 12, 2025, HANDSPIKE conspired with others to sell crack cocaine (cocaine base) from an apartment located at 817 NW 10th St, Apt. 1, Hallandale Beach, FL 33009 ("HALLANDALE RESIDENCE")

2.  February 2025 to May 2025, law enforcement conducted eight (8) controlled purchases from the HALLANDALE RESIDENCE, using an FBI Confidential Human Source ("CHS"). Prior to each controlled purchase, the CHS was searched for contraband prior to and after each operation. Law enforcement provided investigative funds to the CHS to purchase crack cocaine from HALLANDALE RESIDENCE. Law enforcement also

equipped the CHS with audio/video recording devices which recorded each controlled substance purchase.

3. Over the course of those eight (8) controlled purchases, HANDSPIKE and his coconspirators sold approximately 46.3 grams of crack cocaine to the CHS. HANDSPIKE personally sold crack cocaine to the CHS on two of these occasions.

4. On March 5, 2025, the CHS knocked on the door of the HALLANDALE RESIDENCE and was met by HANDSPIKE, who confirmed that the phone number called by the CHS to arrange the deal, 954-867-8786, and HANDSPIKE confirmed he was authorized to make the sale. HANDSPIKE then sold the CHS cocaine base in exchange for $160 in investigative funds. The cocaine base was sold by HANDSPIKE was tested by the Drug Enforcement Administration ("DEA") and confirmed to be cocaine base weighing 5.35 +/- .1 grams.

5. On April 2, 2025, the CHS knocked on the door of the HALLANDALE RESIDENCE and was immediately let inside. Once inside, the CHS was met by HANDSPIKE. The CHS discussed the deal with HANDSPIKE, the CHS provided the $200 of investigative funds to HANDSPIKE, and another male placed the suspected crack cocaine on the couch for the CHS to pick up. The DEA tested and confirmed the substance sold by HANDSPIKE was cocaine base weighing 6.83 +/- .01 grams.

6. On May 12, 2025, law enforcement executed a search warrant of the HALLANDALE RESIDENCE. HANDSPIKE was in the HALLENDALE RESIDENCE when the warrant was executed, and a search of HANDSPIKE's person revealed a key

chain in which he had a key that unlocked the front door to the residence. The search of the HALLANDALE RESIDENCE revealed approximately 49.4 grams of crack cocaine.

7. The combined amount of crack cocaine sold during those eight (8) controlled purchases and the amount of crack cocaine recovered on May 12, 2025, from the HALLANDALE RESIDENCE is approximately 95.7 grams, which amount is attributable to HANDSPIKE.

The parties agree that these facts, which do not include all the facts known to the government and the defendant, are sufficient to prove beyond a reasonable doubt his guilt with respect to Count 1, conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

DATE: 8/15/2025   BY: _____
JOSEPH A. COOLEY
ASSISTANT UNITED STATES ATTORNEY

DATE: 08/15/2025   BY: _____
COREY R. O'NEAL
ASSISTANT UNITED STATES ATTORNEY

DATE: 8-15-25   BY: _____
HUMBERTO R. DOMINGUEZ
COUNSEL FOR THE DEFENDANT

DATE: 8-15-25   BY: _____
MARK BYRON HANDSPIKE, JR.
DEFENDANT

3