UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 0:25-CR-60128-WPD

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| MARK BYRON HANDSPIKE, JR. | ) |
| Defendant. | ) |

**DEFENDANT MARK BYRON HANDSPIKE, JR.'S SENTENCING MEMORANDUM**

COMES NOW, by and through undersigned counsel, on behalf of the Defendant, MARK BYRON HANDSPIKE, JR., and respectfully submits his Sentencing Memorandum, and in support states as follows:

**INTRODUCTION**

Mark Byron Handspike ("Mr. Handspike"), comes before this Honorable Court for his sentencing on November 5, 2025. On August 15, 2025, Mr. Handspike entered a guilty plea to Count One of the Indictment. Count one charged Mr. Handspike with Conspiracy to Possess with Intent to Distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846.

I.   SENTENCING POSITION

At sentencing in the above-styled case, the issue before this Honorable Court is whether the Mr. Handspike should receive a federal prison sentence below the advisory federal sentencing guidelines. Mr. Handspike respectfully requests a sentence of eighteen to twenty months imprisonment.

II.   PRESENTENCE INVESTIGATION REPORT

Undersigned does not have any objections to the factual or legal accuracy of the Presentence Investigation Report ("PSI").

III.   SENTENCING ANALYSIS

To arrive at a sentence that is sufficient but not greater than necessary, to comply with the purpose set forth in paragraph two of 18 U.S.C. § 3553(a), Mr. Handspike understands this Honorable Court will first calculate the Defendant's guideline sentence, and next consider any departures based on the criteria set forth in the federal sentencing guidelines, and finally consider whether the sentence imposed should be different from either the federal sentencing guideline sentence or the departure sentence, if any, after considering the factors set forth in 18 U.S.C. § 3553(a). Undersigned counsel is fully aware that this Honorable Court understands the law regarding the discretion it has at federal sentencing based upon the advisory nature of the federal sentencing guidelines and the mandatory aspect of subsection (b)(1) being held unconstitutional by *United States v. Booker*, 543

US. 220, (2005).  This allows the Court to use its discretion to deviate from the guidelines if there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

To determine a reasonable sentence the District Court must consider several factors in addition to the Advisory Federal Sentencing Guidelines enumerated in Title 18, United States Code, and Section 3553. These factors are as follows:

(1) the nature and circumstances of the offense and the history and the characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of the

defendant as set forth in the Guidelines issued by the Sentencing Commission that are in effect on the date Defendant is sentenced;

(5) any pertinent policy statements issued by the Sentencing Commission

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

This Honorable Court in determining the particular sentence to be imposed, shall consider, among other things, the nature and circumstances of the offense and the history and characteristics of Mr. Handspike, and lastly the need to avoid unwarranted sentencing disparities amongst other defendants with similar records who have been found guilty of similar conduct.

Mr. Handspike was raised by his mother until the age of five, when his mother passed away from sickle-cell anemia. After that Mr. Handspike was then passed around from house to house and raised between several family members. He was never in one place longer than two years, and felt neglected by his family members, especially his father. To curb the feelings of neglect, loneliness, and not belonging, Mr. Handspike would often spend time with the neighborhood kids, some who were affiliated with gangs. Mr. Handspike felt a sense of comfort and belonging with these kids, and yet despite being surrounded by violence in the neighborhoods, and being friends with gang members, he never joined a gang.

Mr. Handspike has minimal criminal history, with his cases centering around controlled substances violations; which as noted in the Presentence Investigation Report, he uses drugs (pills, marijuana) to cope with stress. Para. 71.

IV. REQUESTS FOR JUDICIAL RECOMMENDATIONS

Mr. Handspike understands that judicial recommendations are just that – mere recommendations. There is no guarantee that a judicial recommendation will result in action. However, relevant law and prison policy state more weight is given to judicial recommendation if there is a factual basis on the record for the judicial recommendation.[1]

Mr. Handspike respectfully requests a recommended designation of a federal prison as close as possible to Southern Florida, so that his family, including his young son can visit him and continue to be a part of his life. Lastly, Mr. Handspike would greatly benefit from substance abuse counseling.

---

[1] The Bureau of Prisons welcomes judicial recommendations and, by statute and its own policy, is required to consider them. *See* 18 U.S.C. § 3621 and Program Statement 5100.08, "Inmate Security Designation and Custody Classification". Pursuant to the above statute, the Bureau of Prisons is required to consider the type of offense, the length of sentence, the defendant's age, the defendant's release residence, the need for medical or other special treatment, any placement recommendation made by the court, and all guidance issued by the United States Sentencing Guidelines. Therefore, while the Bureau of Prisons has the sole authority to designate the place of confinement for federal prisoners, if a defendant's judgment and conviction indicates the district court's preference for housing the inmate within a specific institution, geographic area, or specialized program, it must be considered and every effort will be made to fulfill the district court's recommendation request should there be reasons on the record to support the request.

## **CONCLUSION**

WHEREFORE, the Defendant, MARK BYRON HANDSPIKE, JR., by and through his undersigned counsel prays this Honorable Court will grant the requested relief and/or any other relief deemed necessary.

    Respectfully submitted,

    HUMBERTO R. DOMINGUEZ, P.A.

    By: /s/ Humberto R. Dominguez
    Humberto R. Dominguez
    Florida Bar No.: 837903
    9100 S. Dadeland Boulevard
    Suite 1500
    Miami, Florida 33156
    Telephone: (305) 373-6400
    E-Mail: Bert@hdominguezlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on October 21, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

Respectfully submitted,

HUMBERTO R. DOMINGUEZ, P.A.

By: /s/ Humberto R. Dominguez
Humberto R. Dominguez
Florida Bar No.: 837903
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 373-6400
E-Mail: Bert@hdominguezlaw.com
